**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                                    No. 98-4343

MARY ALICE HATFIELD, a/k/a Alice,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.
                                                                                       No. 98-4344

VIRGINIA K. CLINE, a/k/a Gin, a/k/a
Ginny,
<u>Defendant-Appellant.</u>

Appeals from the United States District Court
for the Southern District of West Virginia, at Huntington.
Joseph Robert Goodwin, District Judge.
(CR-97-160)

Submitted: December 22, 1998

Decided: January 14, 1999

Before HAMILTON and LUTTIG, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Ronald James Flora, Milton, West Virginia; James Edward Spurlock, SPURLOCK & COMPTON, Huntington, West Virginia, for Appellants. Rebecca A. Betts, United States Attorney, Monica K. Schwartz, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Mary Alice Hatfield and Virginia K. Cline each pled guilty to one count of conspiracy to possess controlled substances with intent to distribute, see 21 U.S.C. § 846 (1994), and one count of conspiracy to commit money laundering, see 18 U.S.C.A.§ 1956(h) (West Supp. 1998). Hatfield received a sentence of 151 months imprisonment. Cline received a sentence of 121 months imprisonment. Both appeal their sentences on the ground that the district court clearly erred in enhancing their sentences for possession of firearms during the offense. See U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1997). Hatfield also contends that the court clearly erred in finding that she had not accepted responsibility for her criminal conduct. See USSG § 3E1.1. Finding no error, we affirm.

On July 26, 1995, Hatfield bought 400 Tylox capsules from a confidential informant and was arrested. Immediately afterward, the residence where Hatfield lived with Cline, her daughter, was searched under a search warrant. Investigators seized $4985 in currency, Tylox, Darvocet, and Valium capsules, some marijuana, and four firearms. Hatfield agreed to cooperate. She acknowledged that she and Cline had been selling Tylox capsules for two and a half years and that she accepted merchandise in trade for drugs. Hatfield also admitted buy-

2

ing half an ounce of cocaine from one of her suppliers, but she denied selling cocaine. However, cooperating witnesses reported buying cocaine from Hatfield and Cline and in a conversation recorded by a cooperating witness, Hatfield admitted buying 340 grams of cocaine and selling it.

At their joint sentencing hearing, Hatfield and Cline stipulated to an amount of drugs yielding a base offense level of thirty for Hatfield and twenty-eight for Cline. Both contested the two-level enhancement recommended for possession of firearms during the offense. The government agent testified that firearms were found in the kitchen and all three bedrooms. The enhancement was based specifically on four loaded firearms which were found in a shoe storage unit in Hatfield's bedroom where Tylox was also stored. Hatfield's attorney argued that the two women needed the firearms for protection because no male lived with them and that the firearms had no connection to the drug activity. Cline's attorney argued that the enhancement should not apply in her case because the guns were in Hatfield's room and because they belonged to Cline's deceased brother. The challenged enhancement applies if a weapon is present during a drug offense, "unless it is clearly improbable that the weapon was connected to the offense." USSG § 2D1.1, comment. (n.3). Here, the district court found that it was not clearly improbable that the firearms were connected to the drug offense. We cannot say that the district court's decision was clearly erroneous. See United States v. Apple, 915 F.2d 899, 914 (4th Cir. 1990) (standard of review).

Hatfield also maintains that the district court clearly erred in finding that she had not accepted responsibility, but does not contest the district court's determination that she obstructed justice by advising a number of witnesses to lie to the grand jury which was considering indicting her. A defendant who has engaged in conduct resulting in an adjustment for obstruction of justice is not entitled to a reduction for acceptance of responsibility except in an extraordinary case. See USSG § 3E1.1, comment. (n.4). The district court found that this was not such a case. Again, we review for clear error. See United States v. Castner, 50 F.3d 1267, 1279 (4th Cir. 1995). Daniel Harless testified at the sentencing hearing that Hatfield told him to minimize greatly the amount of Tylox he bought from her. Hatfield proffered through her attorney that she had told him to tell the truth. The court

3

found Harless' testimony more credible than Hatfield's proffer. We do not review a credibility determination, see United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). On the evidence before it, the court's decision was not clearly erroneous.

The sentences are therefore affirmed. We grant Appellants' motion to submit the case on the briefs. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4